[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
William Bethea was charged with two counts of sexual assault based upon two separate incidents of sexual assault which occurred on the same night. The petitioner was apprehended by the police shortly after the second incident. The charges were consolidated for trial presided over by the Honorable William Hadden and commenced in July of 1989. Following that trial a jury acquitted the petitioner of the charge relating to the first incident, but convicted him of the charge relating to the second incident. His appeal of the conviction was heard by the Connecticut Appellate Court and affirmed on January 22, 1991 in State v. Bethea, 24 Conn. App. 13
(1991).
The record and the testimony at the hearing in the habeas proceeding clearly indicate that Mr. Bethea repeatedly asked that his special public defender, Attorney Peter Blessinger, be relieved of his duties and a new public defender by appointed. There is ample evidence throughout the trial transcript that Mr. Bethea at times became unruly. There is a somewhat less clear claim of an attempted suicide which appears to have been investigated by telephone call between Judge Hadden and officials at the jail. There was no request by Mr. Blessinger for a determination of Mr. Bethea's competency to assist in his own defense and specifically there was no request for an examination pursuant to 54-56d of the Conn. General Statutes. CT Page 9542
There is some indication that Mr. Blessinger, faced with the demands of the preparation and presentation of evidence at a serious felony trial without assistance, relied upon the intervention of Judge Hadden to evaluate the competency of his client and some indication that a series of chambers conferences considered the defendant's competency. Unquestionably, this examination did not include any expert examination of the petitioner or review by a psychiatrist of the available records.
Petitioner makes the following claims:
A) Counsel was ineffective in not requesting a competency evaluation of the petitioner.
B) Counsel was ineffective in allowing the prosecutor to present the names of prior assault victims and in not requesting a mistrial.
Relying on extensive testimony by Dr. Kenneth Selig, who was qualified by the court as an expert in forensic psychiatry, the petitioner reasonably established that his disruptive conduct at trial was more probably due to psychiatric illness than to any free will attempt to disrupt the trial proceedings. Dr. Selig further testified that he did not believe that he could evaluate a person's psychiatric stability at the time of the trial when he was reviewing records several years later. There was evidence that the petitioner several years earlier had been treated with the drug Thorazine. Dr. Selig in response to a question from the habeas court stated that Mr. Bethea "would not have acted up to the jury the way he did" and "that the disruptive conduct was caused by a condition as opposed to him just voluntarily doing so." Transcript 76-77.
The petitioner next called as his witness, Attorney Susan Storey, who was qualified as an expert, and testified that she reviewed the entire trial transcript and the records of the Department of Corrections. Based upon her review of the transcript, Attorney Storey testified that certain instances raised "red flags" to her as an attorney, that Mr. Bethea may have been in psychiatric trouble. She further testified that those incidents should have indicated "to any reasonable competent criminal defense attorney that this man was in need of evaluation."
Following a detailed hypothetical which included the facts alleged by the petitioner and a recitation of his disruptive CT Page 9543 courtroom behavior, Attorney Storey gave her expert legal opinion that defense counsel's "failure to review the medical file, his lack of request for a competency exam and or an attempt to have the defendant evaluated in any fashion . . . . fell below what a reasonably competence [sic] attorney would do" Tr. pp. 116-121.
While there are a number of decisions, both state and federal, bearing on the issues presented to this court, the petitioner's position truly rises or falls on the principals laid down in Strickland v. Washington, 466 U.S. 668 (1983). Strickland established clearly that when a convicted defendant claims ineffective assistance of counsel at trial he must first show that the counsel's performance was deficient and secondly, that the deficient performance prejudiced the defendant so as to deprive the defendant of a fair trial. Strickland at 687-696.
Strickland further recognizes that in the 6th Amendment context prejudice is generally not assumed even if the performance of counsel is shown to be ineffective. Certain actual or constructive denials of the assistance of counsel altogether are legally presumed to result in prejudice as are various kinds of State interference with counsel's assistance. United States v. Cronic, O.P. 1983, No. 82-66, pp. 3a-6a at 659. There also is an another though more limited assumption of prejudice when counsel is burdened with an actual conflict. Cuyler v. Sullivan,446 US, at 345-350. Petitioner's attorney in her post trial brief dated July 2, 1993 at page 15 argues:
 "Armed with that information, Mr. Blessinger could certainly have advocated that Mr. Bethea be afforded treatment to control his behavior. Without that information and treatment, the results were devastating for Mr. Bethea. The devastation was two-fold: 1) he was in a devastating emotional state; and 2) he devastated his trial; and, more probably than not, convicted himself."
It is the sense of the habeas proceeding that the true thrust of petitioner's habeas attorney's argument is that if trial counsel should have requested a psychiatric examination and failed to do so this should be another in the list of actions which are prejudicial per se. Accepting for the sake of argument that Attorney Blessinger should have requested a competency exam: CT Page 9544
 "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no affect on the judgment." Strickland at 691.
Absent the conflict of interest exception, actual ineffective claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. Strickland at 693. The defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland at 694. Further, when the defendant challenges a conviction, the question is whether there is a reasonable probability that absent the errors committed by the defense counsel at trial the fact finder would have had a reasonable doubt respecting guilt. Strickland at 695.
Simply stated the burden of showing the harm resulting from the ineffectiveness of counsel is on the petitioner. While petitioner's attorney has made an eloquent plea for a new rule of harm per se when counsel fails to request a needed competency exam, the court is unwilling to create such a rule. There has been no showing that the alleged incompetency actually affected the outcome. The burden of this showing is on the petitioner.
Likewise there has been no showing that the failure to move for a mistrial affected the outcome. Certainly there is no showing that a mistrial would have been granted.
The United States Supreme Court has also held that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry first by looking at the effectiveness of assistance and secondly by looking at the resulting harm. In fact the court has specifically held that a habeas court need not address both issues if the defendant makes an insufficient showing of one. In particular the court need not determine whether the counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.
The court makes no finding on whether Mr. Bethea was incompetent to assist in his own defense at the time of the trial. Dr. Selig's testimony stops short of justifying that result. In addition the court notes that following the petitioner's conviction CT Page 9545 at trial the defendant requested a pre-sentence psychiatric evaluation pursuant to 17-244. That statute allows the court to order a psychiatric evaluation if:
 "It appears to the court that such person is mentally ill and dangerous to himself or others."
The statute is within the discretion of the trial court. Judge Hadden refused to order such an examination and his refusal was affirmed by the Appellate Court on review. The Appellate Court noted:
 "The record reveals that the court's observation at trial was that the defendant was not mentally ill and found that there was no apparent need to order the readministration of the psychiatric medication by prison officials. The observations and findings of the trial court must be accorded great weight. The court had ample first hand knowledge of the defendant on which to make an informed judgment and its denial of the motion for a psychiatric exam was not an abuse of discretion." Bethea at 22, 23.
Based upon this holding of the Appellate Court, the habeas court is not convinced that Mr. Bethea was incompetent to assist in his own defense. Neither is the habeas court convinced that if a motion for competency pursuant to 54-56d or a motion for a mistrial had been made it would have been granted by Judge Hadden. Nor is the court convinced that if Judge Hadden had refused either motion the Appellate Court would have found that refusal be an abuse of his discretion.
The habeas court is willing to assume for the sake of discussion that Attorney Storey's expert opinion is valid, and that Mr. Blessinger should have asked for a psychiatric examination. But even while the court is willing to assume that a request for a psychiatric examination pursuant to 54-56d would have been appropriate as testified to by Attorney Storey, the court finds no need to find Mr. Blessinger's assistance ineffective because the court is of the opinion that no harm has been demonstrated whether or not the assistance was ineffective. CT Page 9546
Accordingly, the petition for writ of habeas corpus is denied.
Kevin E. Booth, Judge